MAX POLITINSKY, PROSECUTOR, v. ANDREW E. BRENNAN, REGISTER OF LICENSES, AND THE CITY OF PATERSON, DEFENDANTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Edward F. Merrey.*

For the defendants, *Charles H. Roemer.*

PER CURIAM.

The first point made against this conviction is that the imposition of a license fee of $50 in the ordinance is invalid because it is avowedly imposed for revenue. It is argued that such a license fee cannot be imposed for revenue but the point seems not seriously pressed, and we think it unsubstantial in view of recent statutes, and especially of the Home Rule act of 1917.

The next proposition is that assuming the power exists, it is not vested in the board of aldermen of Paterson under the somewhat peculiar constitution of that city, but that it is vested in the board of finance so far as relates to the imposition of a license fee for revenue The prosecutor seems to concede that if such license fee was not imposed for revenue, the board of aldermen would have jurisdiction, but that because the revenue element is involved, the matter falls into the hands of the board of finance, a statutory body created by the act of 1907, page 89, and whose powers seem to be prescribed in section 26 of the "act to provide for the more efficient government of the city of Paterson." *Pamph. L.* 1871, *p.* 808. The only powers that seem to approach the matter of licensing are: No. 1, general management of the city finances, and No. 5, levy and collection of taxes. We do not think that either of these powers should be interpreted as ousting the board of aldermen of its former jurisdiction of licensing junk yards which, in a general way, is peculiarly within its province. We also take the view that when the Home Rule act enlarged the powers of the governing body in the matter of licensing to impose license fees for revenue, this did not have the effect of shifting the jurisdiction over junk yard licenses from the board of aldermen to the board of finance.

Consequently, the conviction will be affirmed.